# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JULIO CESAR VALVERDE,<br><br>　　　　　　　　Defendant. | Case No. 17-cr-00340-BAS-1<br><br>**ORDER DENYING MOTIONS FOR REDUCTION OF SENTENCE (ECF Nos. 31, 34)** |

Although Mr. Valverde files Motions to Reduce his sentence ostensibly pursuant to 18 U.S.C. § 3582(c) and General Order 755 (U.S.S.G. Amendment 821), he also makes sweeping references to entrapment, *Brady* violations, corruption in government, "ineffective assistance," prosecutorial misconduct, violations of due process, illegal use of government informants, coercion, illegal seizure of the methamphetamine, pardons of the January 6th offenders, illegal firing of U.S. Attorneys, purging federal government agencies, abuse of prosecutorial power, and cancelling DEI programming. (ECF Nos. 31, 34.)

The Court referred this Motion to Federal Defenders for an evaluation. (ECF No. 32.) Federal Defenders filed a status report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 36.) However, Federal

Defenders noted that there were also references to *Brady* violations and deferred to the Court whether appointment of counsel would be appropriate for this allegation.

## I.     BACKGROUND

During a North County Regional Gang Task Force investigation involving multiple wiretaps, Mr. Valverde was identified as a Vario San Marco ("VSM") Ghost Town gang member with the moniker "Night Owl" who was selling drugs in Northern San Diego County. (Presentence Report ("PSR") ¶ 7, ECF No. 26.)  According to Valverde, he has been addicted to methamphetamine since the age of 12, which led to his involvement in this offense.  (PSR ¶ 20.)

On July 25, 2017, Mr. Valverde pled guilty to knowingly and intentionally distributing 55.86 grams of methamphetamine (actual).  (ECF Nos. 21, 23.)  As part of the factual basis for his plea, Mr. Valverde admitted that on August 23, 2016, he met with a confidential source and provided him with 55.86 grams of methamphetamine in exchange for $620.  (Plea Agreement § II, ECF No. 23.)  Mr. Valverde agreed that he was facing a mandatory minimum sentence of ten years in custody.  (*Id.* § III.)  As part of his plea agreement, Mr. Valverde waived his right to appeal or collaterally attack his conviction and sentence, with the exception of a claim for ineffective assistance of counsel.  (*Id.* § XI).  Furthermore, Mr. Valverde said he was satisfied with the representation of his counsel.  (*Id.* § XV.)

Despite being only 29 years old, Mr. Valverde had a lengthy criminal record, including multiple burglary and car theft convictions, felony possession of a controlled substance, felony possession of a controlled substance for sale, and a DUI.  (PSR ¶¶ 39–57.)  He had 19 criminal history points, to which two points were added because he was under a criminal justice sentence at the time, resulting in 21 criminal history points, or a criminal history category of VI. (PSR ¶¶ 58–60.)  The Probation Department calculated his guideline range to be 130–62 months and recommended 130 months in custody.  (PSR ¶¶ 136–37.)  The Court ultimately sentenced Mr. Valverde to the mandatory minimum sentence of 120 months.  (ECF No. 30.)

## II. ANALYSIS

### A. Motion to Reduce Sentence under Amended Sentencing Guidelines

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

At the time of sentencing, the Court calculated Defendant's criminal history points to be 21, resulting in a criminal history category of VI: 19 points for multiple prior convictions, plus 2 points because Defendant committed this offense while under another criminal justice sentence. (PSR ¶¶ 58–60.) Under the newly amended guidelines, the Court would have added only 1 point. *See* U.S.S.G. § 4A1.1(e) (adding 1 point if the defendant receives 7 or more criminal history points). As a result, under the new guidelines, Mr. Valverde would have had only 20 criminal history points. However, a criminal history category of VI results if a defendant has more than 13 criminal history points. Thus, deducting 1 criminal history point would not have changed Defendant's criminal history category nor his resulting guideline range.

In addition, even if the sentencing guideline range was reduced, Mr. Valverde was still facing a mandatory minimum sentence of ten years. A lower sentencing guideline range would not have relieved Mr. Valverde from this mandatory minimum sentence. *See United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009) (noting the district court has no authority to reduce a sentence under 18 U.S.C. § 3582(c)(2) when a defendant is sentenced pursuant to a statutory mandatory minimum).

Since the new guideline amendments do not change Defendant's guideline calculations and would not have resulted in a different sentence, Defendant's Motion for Reduction of Sentence under the new guideline amendments is **DENIED**.

### B. Appellate Waiver

Although Mr. Valverde makes reference to a litany of wrongs, the fact remains that he waived his right to appeal when he pled guilty eight years ago. "A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *United States v. Wells*, 29 F.4th 580, 583 (9th Cir. 2022) (quoting *United States v. Joyce*, 357 F.3d 921, 922–23 (9th Cir. 2004)).

In this case, Mr. Valverde agreed that he "waives (gives up) all right to appeal and to collaterally attack every aspect of the conviction and sentence . . . . The only exception is that defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel." (Plea Agreement § XI.) The record reflects that this waiver was knowingly and voluntarily made. Therefore, Mr. Valverde's belated claims of *Brady* violations, entrapment, illegal use of informants, prosecutorial misconduct, and the like were all waived (given up) at the time he pled guilty.

Although Mr. Valverde uses the phrase "ineffective assistance," he does not detail any claims of ineffective assistance of counsel in his lengthy motion. Therefore, the Court finds he fails to make a claim that he received ineffective assistance of counsel at the time he pled guilty and was sentenced.

### III. CONCLUSION

For the reasons stated above, Mr. Valverde's Motions to Reduce His Sentence (ECF Nos. 31, 34) are **DENIED**.

**IT IS SO ORDERED.**

DATED: October 3, 2025

*[signature]*

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**